## UHL v. LOUGHRAN.

(*Supreme Court, Special Term, New York County.* August 1, 1888.)

1. INFANCY—GUARDIAN AD LITEM—APPOINTMENT—SERVICE OF ORDER.
    In an action for partition an order was entered pursuant to Code Civil Proc. N. Y. § 473, designating a guardian *ad litem* of an infant defendant temporarily absent from the state, unless he, or some one for him, should procure such a guardian to be appointed within 10 days after service of a copy of the order, which was directed to be made on the infant's father, the plaintiff in the suit. *Held,* that such service must be had on the father within this state.

2. SAME—PUBLICATION.
    Such service cannot be made by publication in the manner prescribed for service of a summons.

3. VENDOR AND VENDEE—DEFECTIVE TITLE—RECOVERY OF MONEY PAID.
    Where a vendor's title is derived from a sale in a partition suit against an infant defendant, and there is grave doubt as to the validity of the appointment of the guardian *ad litem* in the partition proceedings, it is not a marketable title, and the vendee may recover money paid under the contract of sale, and for attorney's services in examining the title.

Action by Edward Uhl against Thomas Loughran to recover money paid defendant on the execution of a contract for the purchase of real estate, and expenses incurred for attorney's services in examining the title to the property, which, as alleged, was defective. The property had been sold in a partition suit brought by Robert G. Marzo, individually and as executor and trustee, under the will of his wife, against his infant son Carlo Ladislao Marzo, Nicolasa de Escoriaza, and others. It was claimed that jurisdiction was never obtained over the infant, who was at the time temporarily absent in Italy.

*Joseph C. Levi*, for plaintiff.　　*David McClure*, for defendant.

INGRAHAM, J.　The sole question in this case is whether the court acquired jurisdiction over the defendant Carlo Ladislao Marzo, an infant, in an action brought to partition the premises in question. The infant was a resident of this state, but was during the pendency of the action for partition temporarily residing in Italy, and the plaintiff in the action was the father of the infant, and resided in this state. On the petition of one of the plaintiff's attorneys in that action an order was made that Delano C. Calvin be appointed guardian *ad litem* of the infant, for the purposes of the action, unless he, or some one in his behalf, procure such guardian to be appointed within 10 days after the service of the order, and directed that the order be served by delivering a copy thereof to the plaintiff in the action, (the father of the infant.) Subsequently an order was made by Mr. Justice BARRETT, reciting that the plaintiff, the father of the infant, upon whom the order of March 22d was directed to be served, was a resident of this state, but had been continuously without the United States for more than six months before the granting of the order, and that his post-office address was at Paris, France, and directed that the service of the order of March 22d, appointing Delano C. Calvin guardian *ad litem*, be made by publication, in two newspapers, for six successive weeks, or at the option of the plaintiff, by service of a certified copy of said order of March 22, 1884, and the order for publication, upon the said plaintiff personally without the state; that subsequently a copy of the order was served upon the said plaintiff in the city of Paris, France, and subsequently, on the 28th of June, 1885, an order was granted by the court reciting that no application on the part of the infant for the appointment of a guardian *ad litem* had been made, and provided that the order of March 22d, designating Delano C. Calvin as such guardian, be made absolute upon giving a bond.

It is conceded by the defendant that the only authority for the order in question is contained in section 473 of the Code. That section provides that where an infant defendant resides within the state, and is temporarily absent therefrom, the court may, in its discretion, make an order designating a person to be his guardian *ad litem*, unless he, or some one in his behalf, procure such a guardian to be appointed as prescribed in the preceding two sections, within a specified time after the service of the copy of the order, and that the court must give special directions in the order respecting the service thereof, which may be on the infant; that the summons may be served by delivering a copy to the guardian so appointed, with like force as where a summons is served without the state upon an adult defendant, pursuant to an order for that purpose, except that the time to appear or answer is 20 days after the service of the summons, exclusive of the day of service. This section, so far as I know, contains the only provision in the Code allowing a judgment to be entered against a defendant affecting his property, without either actual or substituted service upon the party to be affected by the judgment, and, to sustain proceedings under this section, the provision of the section must be strictly complied with. I am inclined to think the order of March 24th was a substantial compliance with the section in question. It designated a person to be the guardian *ad litem* for the infant defendant, unless he, or some one in

his behalf, procures such a guardian to be appointed in 10 days after the service of a copy of the order, and the court then directed that the service of that order should be made upon the plaintiff to the action, who was the father of the infant. It is clear, however, that such service, to be regular, must be made upon the father of the infant within this state. The infant was given 10 days after the service to appear and to apply for the appointment of a guardian *ad litem*, and it would be absurd to say that the service on the father in Paris would be a compliance with the provisions of that order.

The subsequent order of Mr. Justice BARRETT, directing that the order of March 22d be served on the defendant by publication, was clearly unauthorized by any provision of law. The order seems to conform to the provisions for the service of a summons upon a defendant without the state by publication, but no section of the Code, to which I have been referred, authorizes such service of an order granted under section 473 of the Code, and certainly not unless the order itself directs that the service be made in that manner. The order of Mr. Justice BARRETT does not purport to amend the order of March 22d, nor is it an order of the court. Under its terms the appointment of a guardian *ad litem* would have been absolute 10 days after the service of the order on the plaintiff in Paris, yet it would hardly be possible for the plaintiff to have returned to New York, and applied for the appointment of a guardian *ad litem* for the infant within the 10 days allowed by the order. There having been a failure to comply with the directions contained in the order of March 22d, the order of January 28, 1885, making the appointment of Delano C. Calvin absolute, was unauthorized, and the service of the summons upon said Calvin failed to give the court jurisdiction over the infant defendant.

In *Fleming* v. *Burnham*, 100 N. Y. 1, 2 N. E. Rep. 905, the court of appeals, speaking of the title that a purchaser should be compelled to take, says: "But the court stands in quite a different attitude where it is called upon to compel a purchaser to take title under a judicial sale, who asserts that there are outstanding rights and interests not cut off or concluded by the judgment under which the sale was made. The objection may involve a mere question of fact, or it may involve a pure question of law upon undisputed facts. In either case it may very well happen that the question is so doubtful that although the court would decide it upon the facts disclosed in a proceeding where all the parties interested were before the court, nevertheless it would decline to pass upon it in a proceeding to compel a purchaser to take title, and would relieve him from his purchase. The reason is obvious. The purchaser is entitled to a marketable title. A title open to a reasonable doubt is not a marketable title." Applying this principle to this case, in the absence of adjudications construing section 473 of the Code, and the grave doubt as to the validity of the proceedings resulting in the appointment of Mr. Calvin as guardian *ad litem*, I do not think the title of the defendant is a marketable title, and the plaintiff, therefore, failed to comply with his contract. In the case of *Methodist Church* v. *Thompson*, 15 N. E. Rep. 193, speaking of an action to recover the amount paid on a contract for the sale of land, the court of appeals say: "We think that if there was a reasonable doubt as to the vendor's title, such as to affect the value of the property and to interfere with the sale of the land to a reasonable purchaser, the plaintiff's cause of action would be sustained, and this rule obtains as well where the vendee sues to recover back the price paid as when the vendor sues to compel specific performance." As the defendant cannot comply with his contract, the plaintiff is entitled to judgment against the defendant for the amount paid on the execution of the contract, and the value of his attorney's services in examining the title to the property, with costs.